**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Alan Ray Rick, prisoner #08741-073,

Petitioner,

v.

Robert Mundt, being sued as
Rob Mundnt, Warden,

Respondent.

Civil No. 01-958 (DWF/FLN)

**ORDER AND MEMORANDUM**

---

Alan R. Rick, Pro Se, Federal Correctional Institution, Box 1500, Waseca, MN 56093-0741, Petitioner.

Richard A. Newberry, Jr., Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Respondent.

---

This matter is before the Court upon Petitioner's objections to Chief Magistrate Judge Franklin L. Noel's Report and Recommendation dated November 29, 2001, recommending that Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 be dismissed without prejudice. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court's review of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Chief Magistrate Judge Franklin L. Noel's Report and Recommendation dated November 29, 2001 (Doc. No. 14), is **ADOPTED**.

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 21 2001
DEPUTY CLERK

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

Dated: December 21, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Petitioner's case does not rise to the level of a so-called "special urgency" as contemplated by *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974) and *Bailey v. Ciccone*, 420 F. Supp. 344 (8th Cir. 1976).

Administrative procedures generally provide an adequate and, often, the most expeditious review of prisoner grievances. The Court has no reason to conclude otherwise in this case. Specifically, the only way in which this case would rise to a "special urgency" is if the Court assumes that the administrative appeal rights and remedies that the Petitioner has are unfair and inadequate. There is no evidence in the record before the Court to support such a conclusion.

The Court respectfully directs that in the event there is an appeal filed by the Petitioner, or the Petitioner otherwise pursues his administrative remedies, that Petitioner's actions be processed in as expeditious a manner as possible.

For the reasons stated, the Court has adopted the Report and Recommendation of Chief Magistrate Judge Franklin L. Noel.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995